The Honorable Ronald B. Leighton

03-CV-05459-CMP

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| STEPHANIE M. GAMBINI, ) | |
| ) | NO. C03-5459 RBL |
| Plaintiff, ) | |
| ) | FIRST AMENDED |
| vs. ) | COMPLAINT |
| ) | |
| TOTAL RENAL CARE, INC., d/b/a ) | JURY DEMAND |
| DaVita, Inc., a California corporation, ) | |
| ) | |
| Defendant. ) | |
| ) | |

## I. INTRODUCTION

1.1    Plaintiff Stephanie M. Gambini ("Ms. Gambini") brings this action against her former employer Total Renal Care, Inc., d/b/a DaVita, Inc. ("DaVita"), for disability discrimination and retaliation in violation of the Washington Law Against Discrimination ("WLAD"), RCW 49.60, for violations of the federal Family Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 et seq., and for the tort of abuse of civil process.

## II. PARTIES

2.1    Plaintiff Ms. Gambini is a resident of Pierce County, Washington, and a former employee of DaVita. At all times pertinent to this complaint, she was an employee

FIRST AMENDED COMPLAINT -1
[C03-5459 RBL]
G:\Gambini\Disability discrimination claim\fed.complaint.wpd

ORIGINAL



FRANK FREED
SUBIT & THOMAS LLP
SUITE 1200 HOGE BUILDING, 705 SECOND AVENUE
SEATTLE, WASHINGTON 98104-1798
(206) 682-6711

within the meaning of the WLAD and an eligible employee within the meaning of the FMLA.

2.2     Defendant DaVita is a California corporation registered to do business in the State of Washington. DaVita has offices located in Tacoma, Washington. DaVita is an "employer" for purposes of the WLAD and a covered employer for the purposes of the FMLA.

### III. JURISDICTION AND VENUE

3.1     This Court has original jurisdiction over plaintiff's federal claims under 28 U.S.C. § 1331 and supplemental jurisdiction over plaintiff's state law claims under 28 U.S.C. § 1367. This Court also has jurisdiction under § 1332.

3.2     Venue properly lies in this court pursuant to 28 U.S.C. § 1391(b).

### IV. EVENTS

4.1     Ms. Gambini was hired by DaVita in November, 2000.

4.2     At all times pertinent to this complaint, Ms. Gambini performed her job satisfactorily.

4.3     Ms. Gambini suffers from bipolar disorder, which is a disability for purposes of the WLAD.

4.4     Beginning in April, 2001, defendant had both actual and constructive notice that Ms. Gambini had a disability.

4.5     Ms. Gambini first requested reasonable accommodation in or about May, 2001, and on multiple occasions thereafter.

4.6     DaVita failed to reasonably accommodate Ms. Gambini's disability.

FIRST AMENDED COMPLAINT -2
[C03-5459 RBL]
G:\Gambini\Disability discrimination claim\fed.complaint.wpd

FRANK FREED
SUBIT & THOMAS LLP
SUITE 1200 HOGE BUILDING, 705 SECOND AVENUE
SEATTLE, WASHINGTON 98104-1798
(206) 682-6711

4.7     Instead, Ms. Gambini's supervisor reprimanded her for exhibiting symptoms of her disability, and altered the work environment in order to exacerbate the symptoms of Ms. Gambini's disability.

4.8     On or about July 12, 2002, Ms. Gambini was admitted to St. Joseph's Hospital for inpatient treatment of her condition.

4.9     Just prior to leaving work to seek treatment at St. Joseph's Hospital, Ms. Gambini requested and received from DaVita the following forms: U.S. Department of Labor Certification of Health Care Provider for Family and Medical Leave, DaVita Extended Illness Leave Request Form, and DaVita Request for Leave of Absence Form.

4.10    Ms. Gambini was instructed by DaVita personnel that she had until July 27, 2002, to return the completed forms.

4.11    On or about July 22, 2002, DaVita informed Ms. Gambini that her employment was terminated, retroactive to July 11, 2002.

4.12    On or about July 24, 2002, DaVita filed an unsupported petition in Pierce County District Court for the purpose of securing a temporary anti-harassment order against Ms. Gambini. A temporary order was issued *ex parte.*

4.13    On July 25, 2002, Ms. Gambini sent a letter to DaVita's Human Resources Department asking DaVita to reconsider its decision to terminate her employment, and once again asserting her rights to reasonable accommodation and to medical leave.

4.14    DaVita thereafter pursued and obtained a permanent anti-harassment order against Ms. Gambini, which was issued by the Pierce County District Court. This order was also obtained without legal support and exclusively on the basis of inadmissible hearsay.

FIRST AMENDED COMPLAINT -3
[C03-5459 RBL]
G:\Gambini\Disability discrimination claim\fed.complaint.wpd

FRANK FREED
SUBIT & THOMAS LLP
SUITE 1200 HOGE BUILDING, 705 SECOND AVENUE
SEATTLE, WASHINGTON 98104-1798
(206) 682-6711

4.15     DaVita sought the anti-harassment orders against Ms. Gambini in retaliation for her having asserted her right to reasonable accommodation and to take medical leave.

4.16     On appeal to Pierce County District Court, the anti-harassment order was vacated as without legal support. Judge Karen Strombom noted on the record that DaVita's petition was an inappropriate use of the statute.

4.17     As a result of DaVita's actions, Ms. Gambini has suffered lost past and future earnings and benefits, and emotional distress, humiliation, embarrassment, and loss of enjoyment of life.

## V.  FIRST CAUSE OF ACTION:
## DISPARATE TREATMENT DISABILITY DISCRIMINATION

5.1     Plaintiff realleges paragraphs 1.1 through 4.17 as if fully set forth herein.

5.2     The WLAD prohibits discrimination on the basis of disability. Ms. Gambini suffered from a disability within the meaning of the WLAD.

5.3     DaVita treated Ms. Gambini differently from other employees, altered her work environment, and terminated Ms. Gambini's employment, because of her disability, or because DaVita regarded her as disabled, in violation of RCW 49.60.180.

5.4     As a direct and proximate result of defendant's unlawful conduct, Ms. Gambini has suffered and continues to suffer lost wages and benefits, lost future earnings, emotional distress, humiliation, loss of enjoyment of life, and other damages in amounts to be proved at trial.

## VI.  SECOND CAUSE OF ACTION:
## FAILURE TO ACCOMMODATE DISABILITY

6.1     Plaintiff realleges paragraphs 1.1 through 4.17 as if fully set forth herein.

FIRST AMENDED COMPLAINT -4
[C03-5459 RBL]
G:\Gambini\Disability discrimination claim\fed.complaint.wpd

FRANK FREED
SUBIT & THOMAS LLP
SUITE 1200 HOGE BUILDING, 705 SECOND AVENUE
SEATTLE, WASHINGTON 98104-1798
(206) 682-6711

6.2     Plaintiff suffered from medically diagnosable physical and mental abnormalities that affected her ability to perform her job.

6.3     The WLAD requires employers to accommodate employees with disabilities. DaVita failed to reasonably accommodate Ms. Gambini's disability in violation of RCW 49.60.180.

6.4     As a direct and proximate result defendant's unlawful conduct, Ms. Gambini has suffered and continues to suffer lost wages and benefits, lost future earnings, emotional distress, humiliation, loss of enjoyment of life, and other damages in amounts to be proved at trial.

## VII.  THIRD CAUSE OF ACTION: DISABILITY DISCRIMINATION BY CREATION OF A HOSTILE WORK ENVIRONMENT

7.1     Plaintiff alleges paragraphs 1.1 through 4.17 as if fully set forth herein.

7.2     The WLAD prohibits harassment on the basis of a disability.

7.3     Ms. Gambini's supervisor at DaVita subjected her to unwelcome harassment because of her disability, which harassment altered the terms and conditions of Ms. Gambini's employment, all in violation of RCW 49.60.180.

7.4     As a direct and proximate result of defendant's unlawful conduct, Ms. Gambini has suffered and continues to suffer lost wages and benefits, lost future earnings, emotional distress, humiliation, loss of enjoyment of life, and other damages in amounts to be proved at trial.

FIRST AMENDED COMPLAINT -5
[C03-5459 RBL]
G:\Gambini\Disability discrimination claim\fed.complaint.wpd

FRANK FREED
SUBIT & THOMAS LLP
SUITE 1200 HOGE BUILDING, 705 SECOND AVENUE
SEATTLE, WASHINGTON 98104-1798
(206) 682-6711

## VIII. FOURTH CAUSE OF ACTION: RETALIATION FOR ASSERTING RIGHT TO REASONABLE ACCOMMODATION OF DISABILITY

8.1  Plaintiff alleges paragraphs 1.1 through 4.17 as if fully set forth herein.

8.2  The WLAD prohibits an employer from retaliating against an employee who has opposed disability discrimination or asserted their rights under the statute. Ms. Gambini engaged in activity protected by RCW 49.60.210(1) by requesting accommodation, and by opposing DaVita's failure to accommodate her disability.

8.3  DaVita retaliated against Ms. Gambini for engaging in this protected activity by unduly criticizing her work, intentionally altering her work environment in order to exacerbate the symptoms of her disability, terminating her employment, and by pursuing a frivolous anti-harassment order against Ms. Gambini.

8.4  As a direct and proximate result of defendant's unlawful retaliation, Ms. Gambini has suffered and continues to suffer lost wages and benefits, lost future earnings, emotional distress, humiliation, loss of enjoyment of life, and other damages in amounts to be proved at trial.

## IX. FIFTH CAUSE OF ACTION: INTERFERENCE WITH LEAVE RIGHTS UNDER THE FAMILY AND MEDICAL LEAVE ACT

9.1  Plaintiff alleges paragraphs 1.1 through 4.17 as if fully set forth herein.

9.2  The FMLA entitles an eligible employee with a serious health condition to up to 12 weeks of leave per year.

9.3  A "serious health condition" includes any illness or mental condition that involves inpatient care or any subsequent treatment in connection with such inpatient care.

FIRST AMENDED COMPLAINT -6
[C03-5459 RBL]
G:\Gambini\Disability discrimination claim\fed.complaint.wpd

FRANK FREED
SUBIT & THOMAS LLP
SUITE 1200 HOGE BUILDING, 705 SECOND AVENUE
SEATTLE, WASHINGTON 98104-1798
(206) 682-6711

9.4     Under the FMLA, it is unlawful for an employer to restrain, deny the exercise of, or attempt to interfere with the exercise of any rights under the Act.

9.5     In July 2002, Ms. Gambini was eligible for leave under the Family and Medical Leave Act, 29 U.S.C. § 2601, *et seq.*

9.6     In July 2002, Ms. Gambini had a serious medical condition within the meaning of the statute.

9.7     Ms. Gambini gave DaVita notice that she was requesting leave under the Act.

9.8     DaVita, Inc. interfered with, restrained and denied Plaintiff's rights under the FMLA in violation of 29 U.S.C. § 2615(a) by terminating her employment retroactive to July 11, 2002.

9.9     As a direct and proximate result of defendant's unlawful conduct, Ms. Gambini suffered and continues to suffer lost wages and benefits of employment in amounts to be proved at trial.

## X.  SIXTH CAUSE OF ACTION: RETALIATION FOR ASSERTING THE RIGHT TO MEDICAL LEAVE UNDER THE FMLA

10.1    Plaintiff alleges paragraphs 1.1 through 4.17 as if fully set forth herein.

10.2    The FMLA prohibits an employer from discriminating or retaliating against an employee who has asserted her rights under the statute. Ms. Gambini engaged in activity protected under 29 U.S.C. §2615(a)(2) and §2615(b), by requesting leave and by opposing defendant's interference with her leave rights.

FIRST AMENDED COMPLAINT -7
[C03-5459 RBL]
G:\Gambini\Disability discrimination claim\fed.complaint.wpd

FRANK FREED
SUBIT & THOMAS LLP
SUITE 1200 HOGE BUILDING, 705 SECOND AVENUE
SEATTLE, WASHINGTON 98104-1798
(206) 682-6711

10.3   DaVita retaliated against Ms. Gambini for engaging in this protected activity by terminating her employment and by pursuing a frivolous anti-harassment order against her.

10.4   As a direct and proximate result of defendant's unlawful retaliation, Ms. Gambini has suffered and continues to suffer lost wages and other employment benefits in amounts to be proved at trial.

## XI. SEVENTH CAUSE OF ACTION: ABUSE OF CIVIL PROCESS

11.1   Plaintiff alleges paragraphs 1.1 through 4.17 as if fully set forth herein.

11.2   DaVita's pursuit of a frivolous anti-harassment order against Ms. Gambini was motivated by DaVita's ulterior objectives of retaliation and animus based on Ms. Gambini's disability.

11.3   The civil anti-harassment statute, RCW 10.14.010, is intended to provide a remedy for victims of "unlawful harassment," which is defined as "a willful course of conduct, directed at a specific person, which seriously alarms, annoys, harasses, or is detrimental to such person, and which serves no lawful or legitimate purpose. The course conduct shall be such as would cause a reasonable person to suffer substantial emotional distress, and shall actually cause emotional distress to the petitioner."

11.4   DaVita misused the civil judicial process by pursuing an anti-harassment order against Ms. Gambini in its corporate capacity, *pro se*, entirely on the basis of inadmissible hearsay.

FIRST AMENDED COMPLAINT -8
[C03-5459 RBL]
G:\Gambini\Disability discrimination claim\fed.complaint.wpd

FRANK FREED
SUBIT & THOMAS LLP
SUITE 1200 HOGE BUILDING, 705 SECOND AVENUE
SEATTLE, WASHINGTON 98104-1798
(206) 682-6711

11.5 As a direct and proximate result of defendant's abuse of civil process, Ms. Gambini has suffered lost wages and benefits, emotional distress, humiliation, loss of enjoyment of life, and other damages in amounts to be proved at trial.

## XII. PRAYER FOR RELIEF

Ms. Gambini requests this court grant the following relief to correct defendant's unlawful actions:

1. Compensatory damages for emotional distress, humiliation, loss of enjoyment of life, and mental anguish;

2. Special damages including, but not limited to, lost wages, including front and back pay, and lost medical and retirement benefits, and other lost pecuniary benefits of employment;

3. Liquidated damages in an amount equal to the amount of Ms. Gambini's lost wages, lost medical and retirement benefits, and other pecuniary benefits of employment, plus interest on those amounts;

4. Reinstatement of Ms. Gambini to her former position, or one substantially similar;

5. A declaratory judgment that DaVita's actions violated Ms. Gambini's rights under RCW 49.60.180 and 29 U.S.C. § 2615(a) and (b);

6. Reasonable attorneys' fees, expert witness fees, and costs and expenses pursuant to RCW 49.60.030(2) and 29 U.S.C. § 2617(a)(3);

7. Pre- and post-judgment interest at the maximum rate allowed by law;

FIRST AMENDED COMPLAINT -9
[C03-5459 RBL]
G:\Gambini\Disability discrimination claim\fed complaint.wpd

FRANK FREED
SUBIT & THOMAS LLP
Suite 1200 Hoge Building, 705 Second Avenue
Seattle, Washington 98104-1798
(206) 682-6711

8. Damages to make up for any adverse tax consequences of any award to Ms. Gambini; and

9. Such other and further and different relief as the court deems just and proper.

DATED this 26th day of August, 2003.

FRANK FREED SUBIT & THOMAS LLP

By: /s/ Sean M. Phelan
Michael C. Subit, WSBA #29189
Sean M. Phelan, WSBA #27866
Attorneys for Plaintiff

FIRST AMENDED COMPLAINT - 10
[C03-5459 RBL]
G:\Gambini\Disability discrimination claim\fed.complaint.wpd

FRANK FREED
SUBIT & THOMAS LLP
Suite 1200 Hoge Building, 705 Second Avenue
Seattle, Washington 98104-1798
(206) 682-6711