The Honorable Ronald B. Leighton

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| STEPHANIE M. GAMBINI,<br><br>    Plaintiff,<br><br>vs.<br><br>TOTAL RENAL CARE, INC., d/b/a<br>DaVita, Inc., a California corporation,<br><br>    Defendant. | NO. C03-5459 RBL<br><br>PLAINTIFF'S MOTION<br>*IN LIMINE* TO EXCLUDE<br>EVIDENCE OF PLAINTIFF'S<br>PRIOR EMPLOYMENT<br><br>Note Date: November 26, 2004 |

Pursuant to Fed. Rs. Evid. 401-404 and 608(b), plaintiff moves to exclude from evidence at trial: (1) All evidence related to her request for accommodation and the circumstances surrounding the termination of her employment at Loudeye Technology; and (2) Her worker's compensation claim related to her knee injury at Loudeye Technology.

Prior to being hired at DaVita, Ms. Gambini was employed for approximately eight months at Loudeye Technology, fka Encoding.com (hereinafter "Loudeye"). While working for Loudeye, Ms. Gambini suffered a knee injury and filed a worker's compensation claim. Her health care provider restricted her to light duty work and imposed restrictions

PLAINTIFF'S MOTION *IN LIMINE* TO EXCLUDE
EVIDENCE OF PLAINTIFF'S PRIOR EMPLOYMENT -1
[C03-5459 RBL]
G:\Gambini\mtns.limine.wpd

FRANK FREED
SUBIT & THOMAS LLP
SUITE 1200 HOGE BUILDING, 705 SECOND AVENUE
SEATTLE, WASHINGTON 98104-1798
(206) 682-6711

on her physical capabilities. Loudeye initially indicated that they did not have any light duty positions available that were consistent with the restrictions imposed by Ms. Gambini's physician and that it was unable to reasonably accommodate her. Ms. Gambini made a written request for a medical leave of absence, which was granted. Although she was eligible for rehire at Loudeye, Ms. Gambini did not return to work there and was subsequently hired by DaVita. During discovery in this matter, defendant deposed Ms. Gambini and another witness, Pam Tellevick, about Ms. Gambini's request for reasonable accommodation and the circumstances surrounding the termination of her employment at Loudeye.

1.  **Evidence Related to Ms. Gambini's Request for Accommodation At Loudeye is Irrelevant to the Issues in this Case**

Pursuant to Federal Rules of Evidence 401 and 402, plaintiff moves to exclude all evidence related to her request for accommodation from her previous employer and the circumstances surrounding the termination of her employment at Loudeye. All such evidence is irrelevant to the issues of whether DaVita failed to reasonably accommodate Ms. Gambini's disability and whether DaVita discriminated against her on the basis of disability in violation of the Washington Law Against Discrimination, RCW 49.60.

DaVita's motives and intent are at issue in this case, not Ms. Gambini's. Consequently, all evidence related to Ms. Gambini's employment at Loudeye should be excluded under Rules 401 and 402.

Defendant has suggested that it may seek to introduce evidence of Ms. Gambini's request for accommodation from Loudeye in an attempt to portray her as a malinger or

PLAINTIFF'S MOTION *IN LIMINE* TO EXCLUDE
EVIDENCE OF PLAINTIFF'S PRIOR EMPLOYMENT -2
[C03-5459 RBL]
G:\Gambini\mtns.limine.wpd

FRANK FREED
SUBIT & THOMAS LLP
SUITE 1200 HOGE BUILDING, 705 SECOND AVENUE
SEATTLE, WASHINGTON 98104-1798
(206) 682-6711



litigious person with a history of frivolous employment disputes. Fed. R. Evid. 404(b) provides, in pertinent part:

> Evidence of other crimes, wrongs, or acts is not admissible prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident..."

Rule 404(b) clearly prohibits the admission of evidence of Ms. Gambini's prior request for accommodation at Loudeye for the purpose of attacking her character as a malinger or litigious person. Furthermore, Ms. Gambini's request for accommodation and the circumstances surrounding the termination of her employment with Loudeye are not probative of motive, opportunity, intent preparation, knowledge, identity, or absence of mistake in this case. At most, this evidence shows that Ms. Gambini was aware of and attempted to assert her right to be reasonably accommodated in a previous employment relationship and that employer failure to reasonably accommodate disabilities is not an isolated occurrence.

Even if, *assuming arguendo*, Ms. Gambini's prior request for accommodation at Loudeye was deemed marginally relevant to some issue in this case, the Court should exclude such evidence under Fed. R. Evid. 403 because it would waste time, confuse the issues and could unfairly prejudice the jury. Admission of evidence at trial related to Ms. Gambini's request for accommodation at Loudeye would necessitate a mini-trial within the trial to determine whether Ms. Gambini was justified in requesting an accommodation and whether Loudeye failed reasonably to accommodate her disability. This evidence would

PLAINTIFF'S MOTION *IN LIMINE* TO EXCLUDE
EVIDENCE OF PLAINTIFF'S PRIOR EMPLOYMENT -3
[C03-5459 RBL]
G:\Gambini\mtns.limine.wpd

FRANK FREED
SUBIT & THOMAS LLP
SUITE 1200 HOGE BUILDING, 705 SECOND AVENUE
SEATTLE, WASHINGTON 98104-1798
(206) 682-6711



confuse the issues before the jury and needlessly waste time.  Furthermore, there is a danger that evidence of Ms. Gambini's prior request for accommodation could unfairly prejudice the jury and create the impression that Ms. Gambini is litigious.  The prejudicial effect of this evidence substantially outweighs any possible probative value.  Accordingly, all evidence of Ms. Gambini's request for accommodation and the circumstances surrounding the termination of her employment at Loudeye should be excluded at trial.

2. **Evidence Related to Ms. Gambini's Worker's Compensation Claim For Her Knee Injury At Loudeye Should Be Excluded**

As set forth above, Ms. Gambini opened a worker's compensation claim in connection with her knee injury while she was employed at Loudeye.  Pursuant to that worker's compensation claim, Ms. Gambini received medical treatment and time loss benefits prior to being hired by DaVita. While Ms. Gambini was employed with DaVita, in June, 2002, she underwent surgery on the same knee.  Ms. Gambini did not reopen her previous worker's compensation claim in connection with her knee surgery.  Her medical expenses for the surgery were submitted to her health insurance carrier.

Defendant may seek to admit evidence that Ms. Gambini did not reopen her worker's compensation claim in relation to her knee surgery in June 2002 to suggest or portray Ms. Gambini's as dishonest or fraudulent in character.  Fed. R. Evid. 608(b), provides in pertinent part:

> Specific instances of the conduct of a witness, for the purpose of attacking or supporting the witness' character for truthfulness, other than conviction of crime as provided in rule 609, may not be proved by extrinsic evidence. They may, however, in the discretion of the court, *if probative of truthfulness or untruthfulness*, be inquired into on cross-examination of the witness (1)

PLAINTIFF'S MOTION *IN LIMINE* TO EXCLUDE
EVIDENCE OF PLAINTIFF'S PRIOR EMPLOYMENT -4
[C03-5459 RBL]
G:\Gambini\mtns.limine.wpd

FRANK FREED
SUBIT & THOMAS LLP
SUITE 1200 HOGE BUILDING, 705 SECOND AVENUE
SEATTLE, WASHINGTON 98104-1798
(206) 682-6711

concerning the witness' character for truthfulness or untruthfulness... (emphasis added).

In this case, there is no evidence that Ms. Gambini was dishonest or untruthful in relation to insurance coverage of her knee surgery. Evidence of her prior worker's compensation claim at Loudeye should, therefore, be excluded under Fed. R. Evid. 608(b).

Furthermore, evidence of Ms. Gambini's worker's compensation claim at Loudeye would likely confuse and mislead the jury, and needlessly waste time. Accordingly, pursuant to Fed. R. Evid. 403, the Court should exclude all evidence related Ms. Gambini's worker's compensation claim at Loudeye.

DATED this 15th day of November, 2004.

FRANK FREED SUBIT & THOMAS LLP

By: _____
Michael C. Subit, WSBA #29819
Sean M. Phelan, WSBA #27866
Attorneys for Plaintiff Stephanie Gambini

PLAINTIFF'S MOTION *IN LIMINE* TO EXCLUDE
EVIDENCE OF PLAINTIFF'S PRIOR EMPLOYMENT -5
[C03-5459 RBL]
G:\Gambini\mtns.limine.wpd

FRANK FREED
SUBIT & THOMAS LLP
SUITE 1200 HOGE BUILDING, 705 SECOND AVENUE
SEATTLE, WASHINGTON 98104-1798
(206) 682-6711

## CERTIFICATE OF SERVICE

I hereby certify that on November 15, 2004, I electronically filed Plaintiff's Motion *In Limine* to Exclude Evidence of Plaintiff's Prior Employment with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: Patricia K. Buchanan and William R. Kiendl; and I hereby certify that I sent said document for hand-delivery on November 15, 2004, via ABC Legal Messengers to the following: Patricia K. Buchanan and Pamela J. DeVet, Lee Smart Cook Martin & Patterson, 1800 One Convention Place, 701 Pike Street, Seattle, WA 98101-3929.

DATE:   November 15, 2004

_____
CHRISTINE A. FOX-MILLER

PLAINTIFF'S MOTION *IN LIMINE* TO EXCLUDE
EVIDENCE OF PLAINTIFF'S PRIOR EMPLOYMENT -6
[C03-5459 RBL]
G:\Gambini\mtns.limine.wpd

FRANK FREED
SUBIT & THOMAS LLP
SUITE 1200 HOGE BUILDING, 705 SECOND AVENUE
SEATTLE, WASHINGTON 98104-1798
(206) 682-6711

