UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| STEPHANIE M. GAMBINI,<br><br>    Plaintiff,<br><br>vs.<br><br>TOTAL RENAL CARE, INC., d/b/a DaVita, Inc., a California corporation,<br><br>    Defendant. | NO. C03-5459 RBL<br><br>DEFENDANT'S MOTIONS IN LIMINE<br><br>**NOTE ON CALENDAR:**<br>November 26, 2004 |

## I. INTRODUCTION

Defendant Total Renal Care, Inc., d/b/a DaVita, Inc. ("DaVita") moves in limine for the exclusion of certain documentary evidence and testimony. DaVita requests that the court grant these motions in limine to avoid drawing attention to the objectionable evidence at trial.

## II. ARGUMENT AND AUTHORITY

**A. The court may determine, before trial, that evidence is inadmissible and should be excluded.**

The trial court's pretrial determination regarding admissibility of evidence is given great deference and its ruling should not be disturbed absent an abuse of discretion. *United States v. Longoria*, 624 F.2d 66, 68-69 (9th Cir. 1980) (citing *United States v. Batts*, 573 F.2d 599, 606 (9th Cir.), *cert. denied*, 439 U.S. 859, 99 S. Ct. 178, 58 L. Ed. 2d 168 (1978); *United

{5047161.DOC}DEFENDANT'S MOTIONS IN LIMINE - 1
5047161

LEE·SMART·COOK·MARTIN & PATTERSON

P.S., Inc. · Pacific Northwest Law Offices
1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

*States v. Riggins*, 539 F.2d 682, 683 (9th Cir. 1976), *cert. denied*, 429 U.S. 1045, 97 S. Ct. 749, 50 L. Ed. 2d 758 (1977)).

### B. Specific testimony that DaVita moves to exclude is provided as Exhibit 1 to the Declaration of Patricia K. Buchanan.

There have been several depositions taken in this case, resulting in thousands of pages of testimony. DaVita has condensed the specific testimony it seeks to exclude, in limine, into a single document to simplify the process of analyzing the objectionable testimony. *See* Declaration of Patricia K. Buchanan in Support of Defendant DaVita's Motions in Limine to Exclude Specific Testimony and Exhibits,[1] Ex. 1. A table of contents is provided at the beginning of this separate document for ease in identifying and locating the objectionable testimony. DaVita moves to exclude the testimony provided for the reasons specified in the summary, incorporated herein by reference. Specific excerpts are also discussed further below.

### C. A witness should not be permitted to testify unless the witness has personal knowledge of the subject matter.

Federal Rule of Evidence 602 states, "A witness may not testify to a matter unless evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." A witness without personal knowledge on a certain topic cannot properly answer questions regarding that topic. Fed. R. Evid. 602. "A person has 'personal knowledge' of 'a fact which can be perceived by the senses' only if he 'had an opportunity to observe, and [has] actually observed the fact.'" *United States v. Owens*, 789 F.2d 750, 754 (9th Cir. 1986) *rev'd on other grounds*, 484 U.S. 554, 98 L. Ed. 2d 951, 108 S. Ct. 838 (1988) (citing Advisory Committee Note to Rule 602).

During several depositions, it became clear that the deponent lacked personal knowledge on the subject. Where a deponent lacks personal knowledge but nonetheless

---

[1] The Declaration of Patricia K. Buchanan in Support of Defendant DaVita's Motions in Limine to Exclude Specific Testimony and Exhibits will hereinafter be referenced as "Declaration of Patricia K. Buchanan."

{5047161.DOC}DEFENDANT'S MOTIONS IN LIMINE - 2
5047161

LEE·SMART·COOK·MARTIN & PATTERSON
P.S., Inc. · Pacific Northwest Law Offices
1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

answers the question, such answer is mere speculation and is inadmissible and unfairly prejudicial under Rule 403. Specific statements that are not based on personal knowledge have been excerpted from the deposition transcripts and submitted as Exhibit 1 to the Declaration of Patricia K. Buchanan (§ I parts B, C, G, I, and K; § III part A; § IV parts C-H). DaVita moves to exclude these statements.

### D. Hearsay statements should be excluded.

"[A] statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted" is hearsay. Fed. R. Evid. 801(c). Subject to specific exceptions, hearsay is inadmissible at trial. Fed. R. Evid. 802.

#### 1. Alleged statements that Ms. Gambini would be returning to work should be stricken as hearsay.

DaVita has previously argued, in its motions to strike, that the following statements (written and spoken) by Carrie Bratlie should be excluded as inadmissible hearsay: (1) Ms. Gambini could take all the time she needed on leave; (2) Ms. Gambini was on leave; and (3) Ms. Gambini would be returning to work. For instance, in Exhibit 43, Ms. Gambini offers a "Personnel Change Notice" signed by Ms. Bratlie that contains statements regarding Ms. Gambini's request for leave. Decl. of Patricia K. Buchanan, Ex. 2.[2] In addition, she offers Exhibit 47, a statement by a DaVita teammate that "it was conveyed . . . that [Ms. Gambini] will in fact be returning after she is properly medicated." *Id.* Further, Ms. Gambini is expected to testify that Ms. Bratlie told her to take all the time she needed on leave. These statements are offered to prove the truth of the statement, that is, they are offered to prove that Ms. Bratlie had placed Ms. Gambini on leave. This use is prohibited by the hearsay rule.

In its ruling on DaVita's motions to strike, the Court determined that "the admissions of

---

[2] Those of plaintiff's exhibits DaVita moves to exclude in whole or in part are attached to the Declaration of Patricia K. Buchanan as Exhibit 2. Each exhibit has "Plaintiff's Exhibit ___" on the first page.

{5047161.DOC}DEFENDANT'S MOTIONS IN LIMINE - 3
5047161

LEE·SMART·COOK·MARTIN & PATTERSON
P.S., Inc. · Pacific Northwest Law Offices
1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

DaVita's speaking agents are not hearsay under Fed. R. Evid. 801(d)(2)." Dkt. 63 at 21. However, that rule requires that the speaker be authorized to make the statement concerning the subject or be acting within the scope of her employment while making the statement. Fed. R. Evid. 801(d)(2)(C), (D). The Washington Supreme Court considers speaking agents to be "[t]hose who are ultimately responsible for managing the entity's operations have the strongest interest in the outcome of any dispute involving the entity. . . . These officials are the multi-person entity's alter ego -- they can speak and act for the entity and can settle controversies on its behalf." *Wright v. Group Health Hosp.*, 103 Wn.2d 192, 202, 691 P.2d 564 (1984). This description does not apply to Carrie Bratlie. She was not, and is not, a speaking agent for DaVita. She supervised six employees in an office of over 600 employees, in a nationwide corporation that has thousands of employees. She had no authority to grant leave, which requires a formal request and approval by human resources. Ms. Bratlie's statements regarding leave should be excluded.

### 2. Specific excerpted statements should be excluded as hearsay.

In addition to the statements discussed above, specific out-of-court statements that are offered to prove the truth of the matter asserted have been excerpted from the deposition transcripts and submitted as Exhibit 1 to the Declaration of Patricia K. Buchanan (§ I parts C, F, H, I, K; § IV parts A-H). As an employee of DaVita, Patricia O'Bannon was one of Ms. Gambini's peers, and was not a speaking agent whose testimony would come within the scope of Rule 801(d)(2)(C) or (D).

### E. Unauthenticated handwritten entries should be redacted from exhibits.

#### 1. The unauthenticated handwritten entry in Plaintiff's Exhibit 21 should be redacted if the exhibit is admitted for trial.

Evidence must be authenticated before it is admissible. Fed. R. Evid. 901(a). A proponent must set forth "evidence sufficient to support a finding that the matter in question is

(5047161.DOC)DEFENDANT'S MOTIONS IN LIMINE - 4
5047161

LEE·SMART·COOK·MARTIN & PATTERSON

P.S., Inc. · Pacific Northwest Law Offices
1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

what its proponent claims." *Id.* In Exhibit 21, a typed document prepared by Carrie Bratlie, some handwritten words appear in the corner. Decl. of Patricia K. Buchanan, Ex. 2. Ms. Bratlie, however, does not know who added to the document:

> Q  The handwriting in the bottom left-hand corner of the document, do you recognize it?
>
> A  No, I don't.
>
> Q  Can you read it?
>
> A  "We forgot her birthday."
>
> . . . .
>
> Q  That's not your handwriting?
>
> A  No.
>
> Q  Do you know who might have written that?
>
> MS. BUCHANAN:  If you can answer without guessing, go ahead.
>
> A  No. I don't know who that is.

Decl. of Patricia K. Buchanan, Ex. 3 at 92:16-93:3. The record contains no other evidence of who wrote the entry. Therefore, the handwritten portion should be redacted.

### 2. Handwriting on Exhibit 16 has not been authenticated in discovery.

Similarly, on Exhibit 16, a notification of profit sharing contribution, some handwritten notes were added. These notes should be redacted, as the writer has not been identified.

## F. Expert opinions proffered by lay witnesses should be excluded.

Under Fed. R. Evid. 701, a lay witness is only permitted to offer opinions if they are not based in scientific, technical, or other specialized knowledge.

### 1. Ms. Gambini should not be permitted to testify about medical opinions that require an expert knowledge base.

Ms. Gambini penned, with her boyfriend's help, a self-serving letter in response to her

{5047161.DOC}DEFENDANT'S MOTIONS IN LIMINE - 5
5047161

LEE·SMART·COOK·MARTIN & PATTERSON

P.S., Inc. · Pacific Northwest Law Offices
1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

employment being terminated that she offers as trial Exhibit 54. Decl. of Patricia K. Buchanan, Ex. 2. In it, she recites what is purported to be a medical explanation of her condition. She has not been qualified as an expert. She has no expertise to offer a medical opinion. Therefore, as scientific, technical, or other specialized knowledge is necessary, the following portion of Exhibit 54 should be redacted:

> Similar to medications used for depression, bipolar medications can take anywhere from two to six weeks to reach therapeutic levels. Unlike depression, bipolar disorder involves multiple neurotransmitters which control mood and can take years to find the correct combination and dosage of medication to treat both the manic and depressive cycles effectively. In my case, as in most, the beginning of treatment focuses on therapeutic medications to control depressive cycles and then treatment to stabilize manic episodes follows.

Ex. 54 at 1. Ms. Gambini should also not be permitted to testify to such matters, as it would confuse the jury.

### 2. Ms. O'Bannon should not be permitted to testify about medical opinions that require an expert knowledge base.

Certain testimony by Ms. O'Bannon about bipolar disorder also constitutes expert opinion by a lay witness and should be excluded. This includes the testimony excerpted and attached to the Declaration of Patricia K. Buchanan in support of this motion in § I, parts C, E, and L.

### 3. Todd DeMille should not be permitted to testify regarding legal issues.

Todd DeMille testified in deposition that he is a trained human resources professional and has taken some courses in employment law. Decl. of Patricia K. Buchanan, Ex. 4 at 7:12-22, 13:10-22. He should not be permitted to give legal opinions regarding the facts and circumstances of this case.

### G. Certain evidence may not be considered in determining whether Ms. Gambini is entitled to an award of damages under the FMLA.

#### 1. Plaintiff's trial Exhibits 69-73 cannot be used to prove FMLA

{5047161.DOC}DEFENDANT'S MOTIONS IN LIMINE - 6
5047161

LEE·SMART·COOK·MARTIN & PATTERSON
P.S., Inc. · Pacific Northwest Law Offices
1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

damages.

Ms. Gambini proffers several exhibits that purportedly show her out-of-pocket expenses for prescriptions and health care. Decl. of Patricia K. Buchanan, Ex. 2. Out-of-pocket expenses are in the nature of consequential damages, and § 2617(a)(1) does not provide for recovery of general or consequential damages. Thus, § 2617(a)(1)(A)(i)(I) does not support an award of damages for plaintiff's out-of-pocket expenses. *Nero v. Industrial Molding Corp.*, 167 F.3d 921, 930 (5th Cir. 1999). Ms. Gambini's exhibits cannot be used in calculating FMLA damages, if any.

### 2. Emotional distress damages are not available under the FMLA.

Ms. Gambini is expected to testify and present evidence as to her alleged emotional distress. However, the FMLA does not provide damages for emotional distress. *McAnnally v. Wyn South Molded Products*, 912 F. Supp. 512 (N.D. Ala. 1996) (employee was not entitled to mental distress damages because the FMLA only provided for recovery of lost wages, salary, employment benefits, and other compensation and mental distress was not "other compensation" because they do not involve a quid pro quo exchange between an employer and its employee); *Settle v. S.W. Rodgers Co.*, 998 F. Supp. 657 (E.D. Va. 1998); *Lloyd v. Wyoming Valley Health Care System*, 994 F. Supp. 288, 291 (M.D. Pa. 1998). *See also Nero v. Industrial Molding Corp.*, 167 F.3d 921, 930 (5th Cir. 1999) (the term "other compensation," appearing as it does with the other terms, implies a quid pro quo exchange for services rendered). *Washington v. Fort James Operating Co.*, 110 F. Supp. 2d 1325, 1334 (D. Or. 2000). No evidence of emotional distress may support an award under the FMLA.

### 3. Ms. Gambini may not recover "front pay."

Ms. Gambini wanted to change jobs before DaVita terminated her employment in July 2002. She told her boyfriend she wanted to quit working at DaVita, but he advised her that she could not collect unemployment if she quit unless there was cause. Decl. of Patricia K.

{5047161.DOC}DEFENDANT'S MOTIONS IN LIMINE - 7
5047161

LEE·SMART·COOK·MARTIN & PATTERSON
P.S., Inc. · Pacific Northwest Law Offices
1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

Buchanan, Ex. 4 at 16:20-17:1. She told her mental health provider that she needed to look for another job. Decl. of Patricia K. Buchanan, Ex. 5 at 58:7-15. Her mental health provider encouraged her to consider ways to deal with the stress she felt at work, and Ms. Gambini responded that she must change jobs:

> Q: Then [your July 3, 2002 chart note] goes on to say, "Looking for another job."
>
> A: Uh-huh.
>
> Q: What do you recall about that?
>
> A: I just know she was having a lot of stress at work, and she was looking - "Must change jobs. Just realizing this is very stressful." And I think that goes to that whole process of me looking at what is the stress, what are you going to do about it, you know, how are you going to make this better? It's making your illness worse. What are you going to do to problem solve these stressors that are making your illness worse? And, you know, looking for another job, looking for a way to get out of the work stress, those are the issues to me, not the details of what's going on.

Decl. of Patricia K. Buchanan, Ex. 5 at 57:10-22. *See also* Decl. of Patricia K. Buchanan, Ex. 2 (Plaintiff's Ex. 67, chart note for July 3, 2002).

In addition, Ms. Gambini was planning to return to school before she left DaVita. Decl. of Patricia K. Buchanan, Ex. 2 (Plaintiff's Ex. 29). After she left DaVita, Ms. Gambini decided to return to school instead of returning to the workforce. She became a full-time student at Cornish College of the Arts in September 2003.

Finally, Ms. Gambini testified that simply going near Tacoma makes her anxious.

> Q: Any other way you have been impacted by the events at DaVita?
>
> A: It's hard for me to come to Tacoma. When I have to come to Tacoma, I take kind of the long way around to my destination. If I drive past DaVita, I'm very anxious. I get concerned that somebody may see me.

Decl. of Patricia K. Buchanan, Ex. 6 at 176:13-19. However, she still claims that she should be reinstated to her former position or a substantially similar one. Amended Complaint, Dkt. No.

LEE·SMART·COOK·MARTIN & PATTERSON
P.S., Inc. · Pacific Northwest Law Offices
1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

6 at 9.

It is manifest that Ms. Gambini wanted and intended to leave DaVita prior to her termination. As the court held in *Miller v. AT&T*, 83 F. Supp. 2d 700, 708-09 (S.D. W.Va. 2000), a plaintiff "is certainly entitled to a change of career. However, her new career and lifestyle choice should not be subsidized by [her employer]. A successful FMLA plaintiff cannot simply reevaluate her career goals, accept a lesser paying job, and receive the same amount of compensation as before through front pay." *Miller*, 83 F. Supp. 2d at 708-09. Here, Ms. Gambini has chosen to pursue a career in art. To the extent Ms. Gambini seeks front pay in lieu of reinstatement, DaVita is simply not obligated to subsidize Ms. Gambini's new career goals. Evidence or argument that Ms. Gambini is entitled to front pay should be excluded.

Moreover, it is likewise apparent that DaVita's decision to terminate Ms. Gambini's employment had nothing to do with her purported intention to request leave under the FMLA. Thus, there is no proximate cause between her firing and her assertion of rights under the FMLA. Under these circumstances, Ms. Gambini should be precluded from asserting that she is entitled to reinstatement because DaVita would have fired her regardless of whether she requested leave or otherwise asserted rights under the FMLA. Indeed, that is precisely what happened. Any such evidence or testimony regarding reinstatement should be excluded.

**H.  Irrelevant evidence should be excluded.**

Evidence is relevant if it tends to make any material fact more or less probable. Fed. R. Evid. 401. Evidence that is not relevant is not admissible. Fed. R. Evid. 402.

**1.  Testimony about the anti-harassment proceedings and Plaintiff's Exhibits 55-65 should be excluded.**

Ms. Gambini appealed the anti-harassment order entered against her by the Pierce County District Court. Her claim for abuse of process based on the anti-harassment petition was dismissed on summary judgment. Dkt. 63. All of the documents filed in the anti-

{5047161.DOC}DEFENDANT'S MOTIONS IN LIMINE - 9
5047161

LEE·SMART·COOK·MARTIN & PATTERSON
P.S., Inc. · Pacific Northwest Law Offices
1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

harassment proceedings (Exhibits 55-65) are irrelevant. Decl. of Patricia K. Buchanan, Ex. 2. Further, her testimony regarding the proceedings is irrelevant. That testimony should also be excluded as irrelevant.

### 2. Testimony that one of Ms. Gambini's coworkers who has bipolar illness was not terminated despite her actions should be excluded.

In support of her disparate treatment claim, Ms. Gambini is expected to introduce evidence that a coworker with bipolar disorder was not terminated when she swore in the workplace. However, such evidence is irrelevant to the inquiry. The disparate treatment cause of action is based on the idea that an employer may not treat a disabled person differently than a non-disabled person. *McClarty v. Totem Elec.*, 119 Wn. App. 453, 470, 81 P.3d 901 (2003). Testimony regarding the alleged behavior of Ms. Gambini's disabled coworker is irrelevant and should be excluded. This includes the subjects in the excerpted testimony of Ms. Gambini and witnesses O'Bannon and Bratlie, included in Exhibit 1 to the Declaration of Patricia K. Buchanan (§ I, parts G and J; § II, part A; § V, part A).

### 3. Specific irrelevant testimony should be excluded.

Certain other irrelevant testimony has been excerpted and attached to the Declaration of Patricia K. Buchanan in support of this motion (§ I, parts A-G, J, and K).

### I. Plaintiff's trial exhibit 64 should be excluded.

In trial Exhibit 64, Ms. Gambini seeks to admit the written order of the Pierce County Superior Court vacating the anti-harassment petition. As argued above, this document is no longer relevant, as Ms. Gambini's abuse of process claim was dismissed. Further, admitting the written order will unfairly prejudice DaVita. If the alleged probative value of proffered evidence is substantially outweighed by the danger of unfair prejudice, the evidence should be excluded. Fed. R. Evid. 403. An official-looking court document, signed by a judge, will carry undue weight with a jury. If the order vacating the anti-harassment order is presented to the

{5047161.DOC}DEFENDANT'S MOTIONS IN LIMINE - 10
5047161

LEE·SMART·COOK·MARTIN & PATTERSON
P.S., Inc. · Pacific Northwest Law Offices
1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

jury, members of the jury may conclude incorrectly that the order necessitates a finding in Ms. Gambini's favor in this case. Moreover, the judge who vacated the ruling, Judge Karen Strombom, is now a magistrate judge in this very division of the Western District of Washington. The members of the jury may conclude that the state proceeding is somehow tied to this proceeding. The danger of unfair prejudice is too great to admit the appellate order.

### J. Plaintiff's trial Exhibit 65 or portions thereof not incorporated into the written order should be excluded.

Ms. Gambini also seeks to admit the transcript of appellate oral argument in the anti-harassment order proceedings as a trial exhibit. It should be excluded for the following reasons.

#### 1. A court's oral rulings not incorporated into the written order are not binding.

A written order supercedes any oral rulings. A court's written decision is considered that court's "'ultimate understanding' of the issue presented." *State v. Dailey*, 93 Wn.2d 454, 459, 610 P.2d 357 (1980) (citing *Diel v. Beekman*, 7 Wn. App. 139, 499 P.2d 37 (1972) and *Thompson v. Thompson*, 9 Wn. App. 930, 934, 515 P.2d 1004 (1973)) (basis for dismissal in oral ruling disregarded in favor of basis in written order). *See also Anderson v. Farmers Ins. Co.*, 83 Wn. App. 725, 923 P.2d 713 (1996) (oral ruling did not prevent timely submittal of supplemental argument before written order). An oral decision has no binding or final effect if it is not formally incorporated into the written order. *Id.* at 458-59 (citing *Ferree v. Doric Co.*, 62 Wn.2d 561, 567, 383 P.2d 900 (1963); *Clifford v. State*, 20 Wn.2d 527, 148 P.2d 302 (1944) and *Seidler v. Hansen*, 14 Wn. App. 915, 547 P.2d 917 (1976)). Verbal statements by a judge are only considered an expression of an informal opinion that is "'necessarily subject to further study and consideration, and may be altered, modified, or completely abandoned.'" *Id.* at 458 (quoting *Ferree*, 62 Wn.2d at 567).

{5047161.DOC}DEFENDANT'S MOTIONS IN LIMINE - 11
5047161

LEE·SMART·COOK·MARTIN & PATTERSON

P.S., Inc. · Pacific Northwest Law Offices
1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

In the appeal, the court ruled in Ms. Gambini's favor. On page 20 of the transcript, the court stated that all evidence presented by DaVita was inadmissible; therefore, the anti-harassment order was vacated. The court stated, "I don't think I need to go beyond this," then analyzed other of Ms. Gambini's arguments for vacating the order. The judge then signed the order, which had been drafted and presented by plaintiff's counsel and was edited by counsel for both parties. This written order **only** states that substantial evidence was not presented to support the anti-harassment petition. Plaintiff's Exhibit 64.

The transcript excerpt from pages 20:12 to 21:3 (inclusive) should not be presented to the jury. The court's oral musings regarding other bases for vacating the petition are merely a verbal expression of the court's informal opinion at the time. The court could have included, or even incorporated, these bases in the written order, but did not. Therefore, the oral statements have no binding or final effect in either that case, or this one. The excerpt should therefore be excluded in limine.

### 2. A transcript in another case is not relevant to this proceeding.

Further, the entire transcript should be excluded as irrelevant. Now that Ms. Gambini's abuse of process claim has been dismissed, the transcript has **no tendency** to make the existence of any fact that is of consequence to the determination of the remaining claims more probable than it would be without the evidence. As such, it does not meet the definition of "relevant evidence" set out in Fed. R. Evid. 401. Evidence that does not meet the definition is not admissible. Fed. R. Evid. 402. The transcript, Plaintiff's Exhibit 65, should be excluded in its entirety.

### 3. The transcript would be unfairly prejudicial to DaVita.

Even if this Court finds that the transcript is relevant, DaVita would be unfairly prejudiced if this Court admits the transcript. For the same reasons put forth that admitting

{5047161.DOC}DEFENDANT'S MOTIONS IN LIMINE - 12
5047161

LEE·SMART·COOK·MARTIN & PATTERSON

P.S., Inc. · Pacific Northwest Law Offices
1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

Judge Strombom's order would be unfairly prejudicial, the danger of unfair prejudice in admitting the transcript is too great.

### K. The Court should exclude any references to Ms. Gambini's alleged litigation-induced stress.

Ms. Gambini is expected to testify that she has suffered emotional distress and/or stress as a result of litigating her claims against DaVita. Further, she is expected to offer testimony of her mental health practitioner, Bobbie Fletcher to that effect. This Court should exclude any and all references to Ms. Gambini's alleged litigation-induced stress.

"[F]ederal court decisions are unanimous in holding that litigation-induced stress may not be recovered as damages." *Picogna v. Bd. of Ed.*, 143 N.J. 391, 671 A.2d 1035, 1038 (N.J. 1996); *see, e.g., Flowers v. First Hawaiian Bank*, 295 F. Supp. 2d 1130, 1140 (D. Haw. 2003); *Stoleson v. United States*, 708 F.2d 1217, 1223 (7th Cir. 1983); *Timms v. Rosenblum*, 713 F.Supp. 948, 955 (E.D. Va. 1989), *aff'd* 900 F.2d 256 (4th Cir. 1990). Likewise, state courts "are virtually unanimous in holding that litigation-induced stress is not recoverable as a separate component of damages." *Picogna*, 671 A.2d at 1038; *see, e.g., Buoy v. ERA Helicopters, Inc.*, 771 P.2d 439, 445 (Alaska 1989); *MacCharles v. Bilson*, 186 Cal. App. 3d 954, 231 Cal. Rptr. 155, 157 (Ct. App. 1986).

> Both the state and federal cases reflect the view that because anxiety is an unavoidable consequence of the litigation process, it does not form a separate basis for recovery against one's opponent. Although the damages caused by the wrongful conduct induce the litigation, and hence the attendant stress, a plaintiff chooses to pursue litigation cognizant of both the economic and emotional costs that it will entail. Some of the stress is caused by a general distaste for litigation, and some by a plaintiff's vigorous participation in the litigation process. Yet the substantial emotional investment made by a plaintiff in a case is merely the normal result of being a litigant.

*Picogna*, 143 A.2d at 1038-39.

Ms. Fletcher testified in deposition:

My note says more depressed, symptom list more depressed, and it says, "with

{5047161.DOC}DEFENDANT'S MOTIONS IN LIMINE - 13
5047161

LEE·SMART·COOK·MARTIN & PATTERSON
P.S., Inc. · Pacific Northwest Law Offices
1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

current situation," so that's applying -- assuming there's something going on in her life. Depositions are very upsetting, so she does mention that she's been deposed and that that's been upsetting for her. Part three of her deposition is coming up, which is anxiety. "They keep pounding at me that I'm faking, and I feel" -- I can't read it. Missed a lot of school during this period. Is making C's. She normally makes A's . . . .

Decl. of Patricia K. Buchanan, Ex. 5 at 31:9-20. Further, she testified:

> A   Also I've written in the margin over here, "Feels betrayed," and I think that was her response to the depositions to people that were being deposed in her case.
>
> Q   Okay. So would you take it, based on that chart note of May 20, 2004, that a lot of her anxiety was due to the actual litigation process?
>
> MS. PHELAN: Object to the form of the question, but go ahead and answer.
>
> A   I would have to say yes.

Id. at 32:9-17. Because permitting recovery for litigation-induced stress would punish DaVita for defending this lawsuit brought by Ms. Gambini, this Court should exclude all references to such stress.

L. **The Court should exclude every finding, determination, conclusion, declaration, or final order made by the Washington Employment Security Department.**

Following Ms. Gambini's termination, she applied for unemployment benefits. She was ultimately awarded unemployment. Nothing generated by the Employment Security Department ("ESD") in connection to this application is admissible:

> "**Any finding, determination, conclusion, declaration, or final order** made by the commissioner, or his or her representative or delegate, or by an appeal tribunal, administrative law judge, reviewing officer, or other agent of the department for the purposes of Title 50 RCW, **shall not be** conclusive, nor binding, nor **admissible as evidence** in any separate action outside the scope of Title 50 RCW between an individual and the individual's present or prior employer before an arbitrator, court, or judge of this state or the United States, regardless of whether the prior action was between the same or related parties or involved the same facts or was reviewed pursuant to RCW 50.32.120."

RCW 50.32.097 (emphasis added). Under this rule, the following ESD documents are inadmissible:

{5047161.DOC}DEFENDANT'S MOTIONS IN LIMINE - 14
5047161

LEE·SMART·COOK·MARTIN & PATTERSON

P.S., Inc. · Pacific Northwest Law Offices
1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

September 13, 2002 determination (*e.g.* ESD file at 45-48)

September 13, 2002 determination (*e.g.* ESD file at 49-51)

October 23, 2002 Notice of Hearing by Telephone (ESD file at 79-80)

November 5, 2002 Order of Dismissal Appeal Withdrawn (*e.g.* ESD file at 68-69)

September 12, 2003 determination (*e.g.* ESD file at 122-26)

November 4, 2003 TEUC Airline Extension determination

Ms. Gambini has not designated any of these as trial exhibits, but if she seeks to admit them for other purposes, DaVita requests that the Court exclude these documents and information contained therein.

**M.  There should be no reference to settlement offers, demands, negotiations or discussions.**

Federal Rule of Evidence 408 specifically prohibits any mention of settlement offers or proposals in order to prove the validity or invalidity of a claim. In *McInnis v. A.M.F., Inc.*, 765 F.2d 240 (1st Cir. 1985), the Court of Appeals for the First Circuit held that admission of evidence of settlement with a third party was not harmless error and ordered a new trial. *See also McHann v. Firestone Tire and Rubber Co.*, 713 F.2d 161 (5th Cir. 1983). In this case, the parties attempted alternative dispute resolution through a mediator on October 29, 2004, and in private negotiations. However, the case was not resolved. All references to these attempts must be excluded.

**N.  There should be no display of exhibits until the exhibit is admitted by the court into evidence, or until permission has been obtained from the Court.**

This motion involves a matter of fundamental fairness. If an exhibit is used in opening statement or closing argument and such exhibit is not admissible evidence or not a fair summary of admissible evidence, the opposing party is unfairly prejudiced. Therefore, any exhibits that have not been admitted before or during trial should not be used in arguments.

LEE·SMART·COOK·MARTIN & PATTERSON
P.S., Inc. · Pacific Northwest Law Offices
1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

**O. The testimony of any expert or lay witness or their testimony not previously identified by the parties should be excluded.**

Evidence should be excluded if there is a showing of intentional or tactical non-disclosure. *See* Fed. R. Evid. 403; Fed. R. Civ. Procedure 37(b) and (c). Rule 37(c)(1) provides (in part) that "a party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1), or to amend a prior response to discovery as required by Rule 26(e)(2), is not, unless such failure is harmless, permitted to use as evidence at a trial, or on a motion any witness or information not so disclosed." In *Semper v. Santos*, 845 F.2d 1233, 1237 (3d Cir. 1988), the court upheld an order to exclude an expert who was not disclosed until the day after jury selection. The trial court's exclusion of testimony because of the failure of counsel to adhere to a pretrial order will not be disturbed on appeal absent a clear abuse of discretion. *Id.* In determining whether to exclude testimony the court should consider the following factors: (1) the prejudice or surprise in fact of the party against whom the excluded witnesses would have testified, (2) the ability of that party to cure the prejudice, (3) the extent to which waiver of the rule against calling unlisted witnesses would disrupt the orderly and efficient trial of the case or of other cases in the court, and (4) bad faith or willfulness in failing to comply with the district court's order. *In re Paoli R.R. Yard PCB Litig.*, 35 F.3d 717 (3d Cir., 1994) (citing *Meyers v. Pennypack Woods Home Ownership Ass'n*, 559 F.2d 894 (3d Cir. 1977) (*over-ruled on other grounds*)). The court also has the power to impose sanctions. Fed. R. Civ. P. 37(c)(1). It would be unduly prejudicial to DaVita if Ms. Gambini were allowed to introduce evidence and witnesses who have not been previously disclosed. Such evidence constitutes unfair surprise and is prohibited by Rule 403.

**P. All non-party witnesses should be excluded from the courtroom during the course of trial.**

Upon the request of a party, this Court shall order all non-party witnesses to be excluded from the courtroom while they are not testifying. Fed. R. Evid. 615. DaVita requests

{5047161.DOC}DEFENDANT'S MOTIONS IN LIMINE - 16
5047161

LEE·SMART·COOK·MARTIN & PATTERSON

P.S., Inc. · Pacific Northwest Law Offices
1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

that the Court exclude all non-party witnesses from the courtroom.

**Q. There should be no reference to liability or medical insurance held, or not held, by any party.**

Evidence of a defendant's liability insurance is not admissible on the issue of defendant's negligence. Fed. R. Evid. 411. In *Reed v. General Motors Corp.*, 773 F.2d 660 (5th Cir. 1985) the court held that admission of the parties' liability limits was reversible error and ordered a new trial. The Court should exclude any evidence of insurance coverage or the extent thereof in this case.

**R. There should be no mention that this motion has been filed and argued before the Court.**

It is respectfully requested that this Court exclude all mention that defendant has brought these motions in limine prior to the beginning of trial. Plaintiff's counsel should be reminded that if any prejudicial comments, arguments or evidence are made before the jury, the Court will instruct the jury to disregard the same and consider these motions in limine as a continuing motion for a mistrial.

//

//

//

//

//

LEE·SMART·COOK·MARTIN & PATTERSON
P.S., Inc. · Pacific Northwest Law Offices
1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

## III. CONCLUSION

For the reasons set forth above, DaVita respectfully requests that this Court exclude the above evidence in limine to avoid the prejudice that could result if the admissibility needs to be argued before the jury.

DATED this 15th day of November, 2004.

LEE, SMART, COOK, MARTIN
& PATTERSON, P.S., INC.


By: s/ Patricia K. Buchanan
Patricia K. Buchanan, WSBA No. 19892
Pamela J. DeVet, WSBA No. 32882
Lee, Smart, Cook, Martin & Patterson, P.S., Inc.
701 Pike Street, Suite 1800
Seattle, WA 98101
Telephone: (206) 624-7990
Fax: (206) 624-5944
E-mail: pkb@leesmart.com
Of Attorneys for Defendants

{5047161.DOC}DEFENDANT'S MOTIONS IN LIMINE - 18
5047161

LEE·SMART·COOK·MARTIN & PATTERSON

P.S., Inc. · Pacific Northwest Law Offices
1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

# DECLARATION OF SERVICE

The undersigned certifies under penalty of perjury under the laws of the State of Washington that on November 15, 2004 I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following parties: Michael C. Subit and Sean M. Phelan of Frank Freed Subit & Thomas LLP.

                                              s/ Susan H. Madsen
                                              Susan H. Madsen

{5047161.DOC}DEFENDANT'S MOTIONS IN LIMINE - 19
5047161

LEE·SMART·COOK·MARTIN & PATTERSON

P.S., Inc. · Pacific Northwest Law Offices
1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944